## 20894

The STATE, Respondent, v. Donna Taylor SIMMONS, Roland Darryl Wickham, Joe Willis Hardy, Jimmy Roger Wells, and Larry Wilson, Appellants.

The STATE, Respondent, v. Donald Lee KIRVEN, Jerry Allan Marlow, Alvis Gray Speight, and Roland Wickham, Appellants.

(252 S. E. (2d) 572)

*Glenn Zell,* Atlanta, Ga., and *Carlton B. Bagby,* Columbia, *for appellants.*

*Atty. Gen. Daniel R. McLeod, Senior Asst. Atty. Gen. John P. Wilson,* and *Asst. Atty. Gen. Brian P. Gibbes* and *Kay G. Crowe,* Columbia, and *Sol. Claude A. Taylor, Jr.,* Spartanburg, *for respondent.*

February 23, 1979.

LEWIS, Chief Justice:

This appeal involves separate prosecutions against each of nine appellants for exhibiting obscene materials in violation of the then existing South Carolina obscenity statute, Section 16-15-150 *et seq.,* 1976 Code of Laws. Appellants were employees of various so-called "adult bookstores" in Spartanbug County and were arrested on charges of exhibiting obscene materials through certain films shown on coin operated "peep show" machines within each establishment. Although the cases involved several different places of business, they were by agreement jointly tried before the Court without a jury, some before the presiding circuit judge and others, (not listed here), before the judge of the Spartanburg County Court. All were found guilty and have appealed. Their respective appeals involve the same basic issues and have been consolidated for consideration by this Court.

The fact of obscenity is not challenged. Appellants only challenge the lawfulness of the seizure by the officers of the alleged obscene materials. The procedures followed by the officers were substantially the same in all of the cases. When they visited each of the "adult bookstores" they viewed films exhibited in coin operated machines and, as a result, arrested the several appellants for violations of the State

obscenity laws. At the same time, the officers seized, as evidence, the materials they had viewed and believed to be obscene. The arrests and seizures of the various materials were made without prior issuance of warrants of arrest or search and seizure.

Prior to the trial of these cases in the lower court, a motion was filed on behalf of all appellants to suppress the seized materials as evidence and for their return to the owners upon the ground that the materials seized as evidence, were obtained through an unlawful search and seizure in violation of their rights under the First, Fourth, and Fourteenth Amendments of the United States Constitution and the like provisions of the South Carolina Constitution. The motion was denied and all appellants were found guilty. The order denying the motion to suppress was based upon the grounds that the warrantless seizures were proper (1) in view of the provisions of Section 16-15-210(b), (c), and (d), which basically provided for post-seizure proceedings to afford a prompt initial determination of whether reasonable grounds existed to believe the materials were obscene; and (2) due to the existence of exigent circumstances.

The statutes, under which the officers proceeded in these cases and under which appellants were prosecuted, have since been repealed by Act No. 495 of the 1978 Acts of the General Assembly; and the present general law of the State with regard to obscenity and related offenses is set forth in the aforementioned Act. Clearly, under the new Act, the validity of the warrantless seizures in these cases could not be sustained.

While the constitutional proscription of the questioned seizures is not clearly shown, the holdings in *Heller v. New York,* 413 U. S. 483, 93 S. Ct. 2789, 37 L. Ed. (2d) 745, and *Roaden v. Kentucky,* 413 U. S. 496, 93 S. Ct. 2796, 37 L. Ed. (2d) 757, cast sufficient doubt on the validity of the actions of the officers to warrant reversal of the judgments under appeal. The General Assembly evidently

entertained similar doubts in enacting the present statute, which, in effect, recognizes the application of Heller and Roaden to warrantless searches and seizures under the State's then existing statutes.

The judgments under appeal are accordingly reversed and the causes remanded for a new trial.

NESS, RHODES and GREGORY, JJ., concur.

LITTLEJOHN, J., dissents.

LITTLEJOHN, Justice (dissenting):

I respectfully dissent and would adopt the view taken by the circuit judge in his order, which reads as follows:

## ORDER OF JUDGE MOORE

This matter was before the Court on September 29, 1977 when the above styled cases were called for trial. The State was represented by Michael L. Rudasill, Assistant Solicitor for the Seventh Judicial Circuit. The defendants were represented by Will Dunn and Glenn Zell. Mr. Zell moved the Court in the form of a joint motion regarding all of the above styled defendants, to suppress the films seized at the time the defendants were arrested.

Testimony was presented by the State concerning the facts and circumstances surrounding the arrest of the above styled defendants and the seizure of films at the time of arrest. The testimony taken from the police officers established that all of the arrests were made without a warrant and that films were seized at the time of arrest.

Section 16-15-210(b) South Carolina Code of Laws, 1976 provides that a peace officer may arrest a person for exhibiting or distributing obscene matter when such offense is committed in his presence without having a warrant. Said section further provides that "such officer is empowered to seize without warrant any obscene matter found in possession of or under the control of the person so arrested."

Section 16-15-210(d) provides for a hearing, if requested, within ten days after seizure of such matter, to be held within three days to determine whether or not reasonable grounds exist to believe such matter is obscene. None of the defendants requested a hearing for such a determination.

The testimony clearly establishes that the defendants were aware of the efforts by the Spartanburg County Sheriff's Department to stop the distribution of obscene matter. A system of communication existed between the various stores so that personnel arested in one store would warn the personnel in other stores. One officer, while working undercover in one of the stores, was accosted by a patron of that store. The movies seized were exhibited on projectors which were modified to accept a plastic container housing the film. It merely slid into the top of the projector and was easily removed. The officers further testified that they were unarmed and apprehensive while in the stores. All of these factors clearly establish exigent circumstances making the officers' actions in seizing the films reasonable.

Therefore, the motion to suppress the seizure of the films at the time of the arrests of the above styled defendants is denied and

IT IS SO ORDERED.

In my view, the seizure of the evidence, admittedly pornographic, was not unreasonable under the circumstances. In *Roaden v. Kentucky,* cited in the majority opinion, the United States Supreme Court said:

The Fourth Amendment proscription against "unreasonable . . . seizures," applicable to the States through the Fourteenth Amendment, must not be read in a vacuum. A seizure reasonable as to one type of material in one setting may be unreasonable in a different setting or with respect to another kind of material. . . .

. . . . .

Where there are exigent circumstances in which police action literally must be "now or never" to preserve the evi-

dence of the crime, it is reasonable to permit action without prior judicial evaluation.

In *Heller v. New York,* cited by the majority opinion, the United States Supreme Court said:

This Court has never held, or even implied, that there is an absolute First or Fourteenth Amendment right to a prior adversary hearing applicable to all cases where allegedly obscene material is seized. . . .

In both *Roaden* and *Heller,* there was involved the closing down of an entire theater's operation. The facts in this case are greatly different, requiring a different result. without doing violence to the constitutional prohibition. Here we have involved cartridge-like films intended to be viewed by one person at a time through a coin-operated projector. There were a number of these "peep show" booths, with different films in operation at each establishment, in addition to books and magazines being offered for sale. There was no regularly scheduled showing to large segments of the public.

The trial judge heard the motion to suppress and found that these defendants had a system of communication between the various stores, designed to thwart the efforts of the police officers. There was obviously a conspiracy to violate the pornography law and prevent arrest by cooperating with each other. The plastic containers, housing the film, were found to be "easily removed."

I agree with the trial judge, who held that the seizure of the film was reasonable because of the exigencies of the circumstances.